<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA HARRIS, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>MIDLAND CREDIT MANAGEMENT, INC. AND JOHN DOES 1-25,<br><br>      Defendants. | Civil Action No. 15-4453 (SDW)(SCM)<br><br>**OPINION**<br><br><br>February 8, 2016 |

**WIGENTON**, District Judge.

  Before this Court is Defendant Midland Credit Management, Inc.'s ("Midland" or "Defendant") motion to compel individual arbitration and to dismiss Plaintiff Dana Harris's ("Plaintiff" or "Harris") individual and class action claims pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court **GRANTS** Defendant's motion to compel individual arbitration.[1]

  **I.**  **BACKGROUND AND PROCEDURAL HISTORY**

  On or about April 12, 2011, Plaintiff obtained a credit card from Credit One Bank, N.A. ("Credit One"). (Certification of Robert A. Diehl, Esq. ("Diehl Cert.") Ex. C at 2.) At that time, Plaintiff and Credit One entered into a Cardholder Agreement ("Agreement"), the terms of which governed Plaintiff's account. (*See* Diehl Cert. Ex. B.) The Agreement defined Credit One to include "its successors or assigns." (*Id.* at 2.) The Agreement also contained an arbitration

---

[1] In light of the fact that this matter is proceeding to arbitration, Defendant's motions to dismiss are moot.

provision which stated, in part: "**PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION.**"[2] (*Id.* at 5.) The broad arbitration provision also stated that "Claims subject to arbitration include, but are not limited to . . . billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your account; . . . and any other matters relating to your account . . . [a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced." (*Id.*) The Agreement further provided that "Claims subject to arbitration include . . . . Claims that relate directly to us, a parent company, affiliated company, and any predecessors and successors . . . but also Claims for which we may be directly or indirectly liable, even if we are not properly named at the time the Claim is made." (*Id.*)

Credit One subsequently sold Plaintiff's account to Sherman Originator III, LLC, which then sold the account to Midland Funding, LLC ("Midland Funding"). (Pl.'s Opp. Br. at 5; Def.'s Br. at 4, ¶ 5; Diehl Cert. Ex. C.) Midland Funding then "referr[ed] the matter to its servicer, Midland Credit Management, Inc., for collection." (Def.'s Br. at 4, ¶ 5.) Midland Credit then attempted to collect on Plaintiff's account. (Def.'s Br. at 11, 12.)

On June 26, 2015, Plaintiff filed a two-count complaint "individually and on behalf of a class of all others similarly situated" against Defendant Midland Credit claiming that Defendant's attempts to collect on Plaintiff's outstanding Credit One account violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e *et seq.* (Compl. 1, 8-9.)

---

[2] The Agreement provided that it "shall be governed by, and enforceable under, the Federal Arbitration Act (the 'FAA')." (Diehl Cert. Ex. B at 5.)

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements. *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable"). "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement." *Ellin v. Credit One Bank*, No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015); *see also Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009). To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).[3]

## III. DISCUSSION

*Validity of Arbitration Agreement*

There is no dispute that the arbitration provision of the Agreement entered into between Plaintiff and Credit One is valid. (Pl.'s Opp. Br. at 4 (admitting that "the Credit One Agreement is a contract between Credit One and the Plaintiff").) Plaintiff, however, argues that it is not required to arbitrate disputes with Defendant because Defendant is "nowhere mentioned or referenced in [the] Agreement." (Pl.'s Opp. Br. at 4.) The clear language of the Agreement, however, defines Credit One to include its successors and assigns. (Diehl Cert. Ex. B at 2.) It also notes that claims subject to arbitration "include not only Claims that relate directly to us, a parent company, affiliated

---

[3] The parties do not argue that state laws are implicated in this dispute. This Court notes, however, that the Agreement provides that it is "governed by and interpreted in accordance with the laws applicable to national banks, and, where no such laws apply, by the laws of the State of Nevada . . . ." (Diehl Cert. Ex. B at 4, ¶ 29.)

company, and any predecessors and successors." (*Id.* at 5.) Here, Midland Funding, LLC is a successor to Credit One. (*Id.* Ex. C (evidencing Midland Funding's role as a successor to Credit One).) As such, Midland Funding stepped into the shoes of Credit One and is entitled to enforce the arbitration agreement. Defendant is Midland Funding's affiliate tasked with collecting on Plaintiff's delinquent account.[4] Therefore, it is also entitled to enforce the arbitration agreement. *See, e.g.*, *Montalbano v. Calvary Portfolio Servs., LLC*, No. 2:12-cv-01471, 2013 WL 593988, at *7 (W.D. Pa. Feb. 15, 2013) (discussing the rights of assignees for debt collection and holding that defendant, "the assignee for collection purposes of [plaintiff's] account by way of a valid assignment from its original owner . . . through [its successor, defendant] is entitled to enforce" the arbitration clause contained in the original credit card agreement.). The language of the Agreement is both broad and explicit and requires the arbitration of claims against Credit One's assigns or successors, as well as their affiliates. Therefore, the arbitration provisions are valid as to disputes between Plaintiff and Defendant.

*Scope of the Arbitration Agreement*

The arbitration provision of the Agreement provided that "[c]laims subject to arbitration include, but are not limited to . . . billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your account; . . . and any other matters relating to your account . . . [a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be

---

[4] Plaintiff notes that Defendant has not clearly identified the relationship between Midland Funding and Defendant Midland Credit Management. (Pl.'s Opp. Br. at 5). However, Defendant's moving papers identify Defendant as Midland Funding's agent for purposes of collecting on Plaintiff's account. (Def.'s Br. at 11.) This Court also takes judicial notice of Defendant's website which identifies it as an affiliate of Midland Funding, https://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/, and recent federal court decisions that identify Defendant as a subsidiary/affiliate of Midland Funding. *See, e.g.*, *Madden v. Midland Funding, LLC*, 786 F.3d 246, 248 (2d Cir. 2015) (identifying Midland Funding as a "debt purchaser" and Midland Credit as "an affiliate of Midland Funding that services Midland Funding's consumer debt accounts."); *Olnick v. Fulton, Friedman & Gullace, LLP et al.*, Civ. No. W-11-CA-071 (W.D. Tex. Oct. 13, 2011) Document No. 70, Order at 2 (identifying Midland Credit Management, Inc. as a subsidiary of Midland Funding, LLC "tasked with collecting" debt owed to Midland Funding).

enforced." (Diehl Cert. Ex. B at 5.) Plaintiff's claim that Defendant's attempts to collect on her Credit One account debt violated the FDCPA clearly falls within the category of "collections matters relating to your account" and must be arbitrated.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Compel Arbitration is **GRANTED**. An appropriate order follows.

                                                  ____/s/ Susan D. Wigenton_____
                                                   SUSAN D. WIGENTON, U.S.D.J.

cc:     Clerk
          Parties
          Magistrate Judge Leda D. Wettre